```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

WILLIE JACKSON, JR.,

        Petitioner,                  **DECISION AND ORDER**
  -vs-                                         **No. 09-CV-1054(MAT)**

ROBERT ERCOLE,

        Respondent.
_____

## I.  Introduction

Willie Jackson, Jr. ("Jackson" or "Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 23, 2011, this Court denied Jackson's request for writ of habeas corpus, and dismissed the petition with prejudice. Finding that Jackson had failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declined to issue a certificate of appealability. (Dkt #14). Judgment was entered on June 24, 2011. (Dkt #15).

Jackson filed a notice of appeal (Dkt #16) in the United States Court of Appeals for the Second Circuit. On January 11, 2012, the Second Circuit issued an Order denying Jackson's motions for a certificate of appealability and for leave to proceed in forma pauperis and dismissed the appeal because he had not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). (Dkt #19). This Order was issued as a Mandate and filed in this Court on April 20, 2012. (Dkt #19).

On November 14, 2012, Jackson filed a pro se Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure ("the Rule 60(b)(6) Motion"). (Dkt #20). Petitioner asks this Court to consider whether the United States Supreme Court's October 15, 2012, decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), entitles him to habeas relief. Martinez held that an ineffective-assistance-of-trial-counsel claim that has been procedurally defaulted because of a state-law requirement that it be raised at the initial state collateral review proceeding could nevertheless be heard by a federal habeas court if the petitioner was not represented by counsel, or received the ineffective assistance of counsel, at the state collateral proceeding. In the alternative, Jackson requests a certificate of appealability as to all of the issues raised in his habeas petition.

For the reasons that follow, the Rule 60(b)(6) Motion is denied with prejudice.

## II. Rule 60(b)(6) and Jurisdiction

Subsection (6) of Rule 60(b) is a catch-all provision which allows a court to "relieve a party or a party's legal representative from a final judgment" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is only invoked upon "a show[ing] of extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citing Ackermann v. United States, 340 U.S. 193, 199

(1950)). Motions under Rule 60(b)(6) must be made within a "reasonable time." Fed. R. Civ. P. 60(b)(6). To determine whether a motion brought pursuant to Rule 60(b)(6) is timely, courts look at the particular circumstance of each case and "balance the interest in finality with the reasons for delay," but "extraordinary circumstances . . . typically do not exist where the applicant fails to move for relief promptly." Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n. 8 (2d Cir. 2006).

The Second Circuit has consistently held that the docketing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." Ryan v. United States Line Co., 303 F.2d 430, 434 (2d Cir. 1962); accord Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992). "Consequently, the district court may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court." Toliver, 957 F.2d at 49. When Jackson filed his notice of appeal to the Second Circuit in 2011, he divested this Court of the ability to issue relief on his Rule 60(b)(6) motion unless the Second Circuit grants permission to file the motion. See id. However, this Court can entertain and deny the Rule 60(b)(6) application because, as discussed further below, it lacks merit. Accord Hill v. West, No. 04-CV-6601CJS, 2009 WL 3491274, at *3 (W.D.N.Y. Oct. 23, 2009) (citing Toliver, 957 F.2d at 49 ("[B]efore the district court may grant a rule 60(b) motion,

this court must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court."); Ryan, 303 F.2d at 434 (district court can entertain and deny a Rule 60(b) motion filed after party has filed a notice of appeal; if the district court decides in favor of movant, "then and then only is the necessary remand by the court of appeals to be sought").

**III. Discussion**

As noted above, Jackson asserts that he is entitled to relief based upon the Supreme Court's decision in Martinez v. Ryan, 132 S.Ct. 1309, supra. The Supreme Court explained that

> [w]here . . . the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim.

132 S.Ct. at 1317 (citations omitted). Under Arizona state law, which was at issue in Martinez, "trial-ineffectiveness claims [were moved] outside of the direct-appeal process, where counsel is constitutionally guaranteed[,]" and it was "within the context of th[at] state procedural framework that counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default." Id. at 1318. The Supreme Court found that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas

-4-

court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320.

In Martinez, the petitioner's attorney in the initial-review collateral proceeding filed a notice akin to an Anders[1] brief, in effect conceding that Martinez lacked any meritorious claim, including his claim of ineffective assistance at trial. 132 S. Ct. at 1320. In support of his habeas petition, Martinez argued that counsel's filing of an Anders brief constituted ineffective assistance. Id. at 1320-21. The circuit court did not decide the merits of that claim but instead held that because Martinez did not have a right to an attorney in the initial-review collateral proceeding, the attorney's errors in the initial-review collateral proceeding could not establish cause for the failure to comply with the State's procedural rules. Id. at 1321. Thus, the circuit court did not determine whether Martinez's attorney in his initial-review collateral proceeding was ineffective or whether his claim of ineffective assistance of trial counsel was substantial. The Supreme Court remanded the case for consideration of these issues.

The Martinez court was explicit that its holding represents a "limited qualification" to its prior decision Coleman v. Thompson,

---

[1]  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

-5-

501 U.S. 722 (1991), in which the Supreme Court held that an attorney's negligence in a post-conviction proceeding does not establish cause to excuse procedural default. Id. at 1319. Martinez thus recognized a "narrow exception" to the rule that ineffective assistance of counsel on collateral review does not constitute cause excusing a procedural default. 132 S. Ct. at 1315. The Supreme Court explained in Martinez that it created this exception to Coleman to acknowledge "as an equitable matter, that the initial review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." Id. at 1318. The Supreme Court took care to note Martinez's limitations by emphasizing that it is not a "constitutional" holding. Id.; see also Green v.Legoney, No. 09 Civ. 0747(SAS), 2012 WL 5278465, at *7, n. 101 (S.D.N.Y. Oct. 25, 2012) ("The holding of Martinez rests on the equitable ground that it is unfair to forever deny a defendant review of his ineffective assistance of trial counsel claim when he lacked the benefit of the legal development that effective appellate counsel could have provided.") (citing Martinez, 132 S. Ct. at 1317–318).

As an initial matter, New York law is unlike Arizona law, under which all claims of ineffective assistance of trial counsel must be brought in post-conviction collateral proceedings. Furthermore, the change in law in Martinez does not "fit" Jackson's

-6-

case. In his habeas petition, Jackson raised three claims, two of which the Court denied on the merits. The Court denied the third claim, that the trial court erroneously admitted testimony regarding his invocation of the right to counsel, on the basis of a procedural default. The Appellate Division had concluded on direct appeal that the claim was not preserved for appellate review because defense counsel did not challenge the statement during the pre-trial hearings or at trial. The Court agreed with Respondent that this ruling relied upon an adequate and independent state ground (the contemporaneous objection rule) and created a procedural default which Petitioner could not overcome.

Unlike Martinez, Jackson is not seeking to overcome the procedural default of a claim of ineffective assistance of counsel. Jackson's procedurally defaulted claim pertained to an evidentiary error that was record-based and was appropriately raised on direct appeal by appellate counsel. It is true that the procedural default was occasioned by trial counsel's failure to object and preserve the claim with a timely objection, but that does not create enough similarity to make Jackson's case fall within the ambit of Martinez. Martinez did not deal with the ineffectiveness of trial counsel as "cause" but rather involved the question of whether ineffectiveness-or absence-of counsel in a post-trial, initial-review, collateral proceeding could constitute cause to excuse a

procedurally defaulted claim of ineffective assistance of trial counsel. Martinez thus is factually inapposite.

Even if Martinez were applicable, vacating the judgment would not be appropriate because Jackson has not demonstrated the "extraordinary circumstances" required to grant relief under Fed. R. Civ. P. 60(b). Jackson characterizes the change in law wrought by Martinez as "sea change" sufficiently momentous to be an "extraordinary circumstance." However, a change in decisional law is usually not, standing alone, an extraordinary circumstance. See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. at 2650 (ruling that a change in the way the applicable habeas corpus statute-of-limitations period could be tolled did not resurrect a habeas petition that had been dismissed as untimely in accordance with earlier precedent; noting that the district court's interpretation "was by all appearances correct under the . . . Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2)" and it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, th[e] [Supreme] Court arrived at a different interpretation"); Agostini v. Felton, 521 U.S. 203, 239 (1997). Where, as here, the judgment has long since become final, a change in decisional law is even less supportive of Rule 60(b)(6) relief. See Stokes v. Williams, 475 F.3d 732, 736-37 (6th Cir. 2007) (change in Circuit's decisional law did not constitute "extraordinary circumstances," as required for

petitioner to prevail in motion for relief from District Court's dismissal of petition; although case changed the law regarding tolling of the habeas limitations period, it did not render petitioner's case to be extraordinary, especially in light of the fact that petitioner did not file his motion for relief from judgment until his case had already become final).

## IV. Conclusion

For the foregoing reasons, Petitioner's Rule 60(b)(6) Motion for Relief from Judgment (Dkt #20) is denied in its entirety with prejudice.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    November 28, 2012
         Rochester, New York